COMMONWEALTH *v.* BIDDLE, JAUDON, COWPERTHWAITE, DUNLAP, & ANDREWS.

[Charged on the oath of Austin Montgomery with a conspiracy to cheat and defraud the stockholders of the United States Bank of Pennsylvania.]

AFTER the several hearings in this case, on the 17th January, 1842, the following decision was made.

THE RECORDER said: On the 6th day of January, Austin Montgomery came before me, and made the necessary oath, charging Nicholas Biddle, Samuel Jaudon, Joseph Cowperthwaite, Thomas Dunlap, and John Andrews, with a conspiracy to cheat and defraud the stockholders of the United States Bank of Pennsylvania.

Process was issued and served, and on the same day, N. Biddle, S. Jaudon, and T. Dunlap, came and desired to be bound over to court forthwith. This was refused. They then entered bail in $10,000, for their appear-

ance on the 13th of January, for a hearing. The following day, Mr. Andrews sent to inform me that indisposition prevented his personal appearance, and entered bail in a like sum. The next day Mr. Cowperthwaite came in custody, and entered bail as in the former cases.

On the 13th of January, the parties and counsel all appeared for a hearing. J. M. Read, esq., counsel with N. Biddle, on behalf of his client, and the other defendants, asked, after the first witness was sworn, and before any examination had been entered into, to give bail for their appearance at the court of general sessions. To this proposition, I requested to be informed, if the defendants admitted or conceded, that sufficient probable cause existed on which to found the binding over. After consultation with his colleagues, he remarked that the defendants were willing to be bound over, but denied that such sufficient grounds existed, and was unwilling to concede their existence for the purpose desired.

The counsel for the prosecution were willing that the course suggested should be adopted, so far as their clients were interested.

I then decided, what I still have reason to believe is correct in law, that no magistrate can legally bind over any person or persons, charged with a criminal offence, without probable cause being either admitted or conceded by the party or parties defendant, or its existence being proved on oath, by the person or persons making the charge. The necessary prerequisite for binding over, is probable cause for the act, and a magistrate cannot know of the fact, without its admission, or due proof.

2

The oath accompanying the information, on which the warrant issues, has partly fulfilled its office, on the decision of the magistrate to grant the process, the residue of its duty, is to protect the magistrate in the exercise of his prerogative.

The next step, is to ascertain if the charge be well founded; or, in other words, if there exists probable cause for sending the party charged with the offence, to trial by his peers.

In the case of the United States.*v.* Burr,—"Probable cause" is defined to be "a case made out by proof furnishing good reason to believe that the crime alleged has been committed by the party charged." See case of United States *v.* Burr.

By this decision, probable cause, can exist only on two grounds. First, its existence by "due proof," and secondly, by confession or admission. It is analogous to the guilt of a person indicted for a crime; the guilt can only be established by due proof, or by the confession of the prisoner, as in a plea of "guilty." Probable cause as to the guilt, or the fact of the guilt, cannot be surmised or taken for granted; it must be made to appear in the only mode recognised by the law.

It was to ascertain this, to inform my conscience of its existence, that I required this hearing to proceed. To omit doing this, would have been acting contrary to my duty—taking for granted that, which I did not know, and which was neither proved nor conceded. In any case, but especially in one of this magnitude, such a course would have been culpable.

I have thought it proper to state my views on this point, so that if I have erred, it may be corrected.

What was stated at the beginning of the present inquiry, I now repeat, that I have no desire to do any thing by word or act, to prejudice the case of the defendants; a conscientious belief in the correctness of the course pursued, alone influenced me in its adoption: this desire still remains with me. Lest, therefore, I should do what I desire to avoid, I have deemed it best neither to collate the strong facts in the case, on which the decision in regard to it rests, nor to sum up, or express an opinion, on the character or weight of the testimony adduced in support of the charge.

It is only necessary to say, that the evidence has created in my mind a "good reason to believe that the crime alleged has been committed by the persons charged." With this I shall content myself. The law points out a means to revise, correct, overrule or confirm this conclusion.

Like the humblest citizen, the defendants are entitled to a fair and impartial trial; and if any act of mine, consistent with the duty of a public officer, can tend in the most remote degree to this end, it will be a cause of gratification, not only to myself, but to all good citizens.

If they are innocent, they will be acquitted; if guilty, they should be punished.

There may be others, whose acts in connexion with the property of the stockholders of this bank, require scrutiny, but as they have not been called to answer, I consider that it is no part of my duty to originate proceedings in regard to them, but simply confine myself to the case before me; those who feel that justice

has been disregarded, have a mode whereby to vindicate her laws and their rights.

It is therefore ordered, that Nicholas Biddle, Thomas Dunlap, and John Andrews, Samuel Jaudon, and Joseph Cowperthwaite, each enter into a separate recognizance, with two or more good and sufficient sureties, in the sum of $10,000, for their appearance at the present sessions of the court of general sessions for the city and county of Philadelphia, to answer the crime of which they thus stand charged.

*St. George T. Campbell & F. E. Brewster, esqrs.,* appeared as counsel for commonwealth, and *J. M. Read, W. M. Meredith, John Cadwalader, J. K. Kane, & James Campbell, esqrs.,* for the defendants.